UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGEL AVILES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>THOMAS DICKHAUT, )<br>)<br>Respondent. )<br>) | Civil Action No.<br>12-40017-FDS |

### ORDER DENYING PETITIONER'S
### MOTION TO STAY

**SAYLOR, J.**

Petitioner Angel Aviles was convicted in Massachusetts Superior Court on May 14, 2007, of statutory rape of a child and indecent assault and battery on a child under fourteen. After his conviction was affirmed by the Supreme Judicial Court, he filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. The petition states two grounds for relief, and petitioner has exhausted his state-court remedies with respect to both. However, concurrently with the filing of his petition, he filed a motion to stay and hold the case in abeyance while he exhausts his state-court remedies with respect to other claims that were not addressed in his state-court appeals but that he has raised in a subsequent motion submitted to the trial court. On May 3, 2012, the Court issued an order instructing petitioner to state the nature of his unexhausted claims and show good cause for his failure to exhaust those claims prior to the filing of his habeas petition.

On June 19, 2012, petitioner filed his response to the Court's order. He states that he is in the process of preparing a motion for a new trial in Superior Court, and that he intends to raise the following claims: (1) violation of his right to a fair trial; (2) ineffective assistance of both

trial and appellate counsel; (3) violation of his right to a public trial; (4) prosecutorial misconduct; and (5) other related matters.  He contends that the delay in filing the motion is due to his limited English proficiency and legal knowledge, and that he is dependent on the assistance of another prisoner who was unavailable until recently.

Petitioner's reasons do not constitute good cause, within the meaning of the law, for his failure to exhaust his state-court remedies.  The requirement to show good cause may be applied more loosely with *pro se* petitioners.  *Josselyn v. Dennehy*, 475 F.3d 1, 5 n.3 (1st Cir. 2007).  However, language problems, lack of legal knowledge, or illiteracy, without more, do not constitute good cause.  *See Promoter v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (holding that the fact that petitioner spoke Spanish and was not literate in English did not constitute good cause); *Rossell v. McFadden*, 5 F.3d 539, at *2 (9th Cir.1993) (unpublished table decision) (holding that "illiteracy and ignorance of the law on the part of a *pro se* petitioner does not establish cause"); *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988) (holding that "*pro se* status and lack of familiarity with the American language and court system do not constitute cause").  Petitioner's claim of ineffective assistance of counsel cannot serve as cause for a procedural default until the ineffectiveness claim is first exhausted in state court.  *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).  In short, petitioner has not shown good cause for his failure to exhaust state court remedies that would merit a stay.

For the foregoing reasons, petitioner's motion to stay the proceedings is DENIED.  In light of his *pro se* status, petitioner will be given additional time to dismiss his unexhausted claims.  The petition for a writ of habeas corpus will be dismissed without prejudice unless, within 21 days of the date of this Order, petitioner files a request to dismiss the unexhausted

claims in his petition and proceed on the merits of the exhausted claims.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated:  June 22, 2012 | United States District Judge |