UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANGEL AVILES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 12-40017-FDS |
| THOMAS DICKHAUT, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER ON
PETITION FOR A WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a petition for habeas corpus relief under 28 U.S.C. § 2254 by a prisoner in state custody. Petitioner Angel Aviles was convicted in Massachusetts Superior Court on May 14, 2007, of statutory rape of a child and indecent assault and battery on a child under fourteen. After his conviction was affirmed by the Supreme Judicial Court, he filed a petition for habeas relief pursuant to § 2254. The petition states two grounds for relief, and Aviles has exhausted his state-court remedies with respect to both. For the reasons set forth below, the petition will be denied.

**I.   Background**

The facts surrounding the crime that led to petitioner's conviction are set out in the decision of the SJC. *See Commonwealth v. Aviles*, 461 Mass. 60 (2011). Only the facts that are relevant to this opinion bear repetition.

On May 14, 2007, petitioner was convicted after a jury trial of statutory rape of a child and indecent assault and battery on a child under fourteen.

Following the trial, petitioner appealed his conviction to the Massachusetts Appeals Court, where his convictions were affirmed. He then appealed to the SJC. In that appeal, he challenged (1) the admission of testimony concerning an alleged "second complaint" made by the victim and (2) the admission, under the doctrine of verbal completeness, of a prior consistent statement made by the victim during her grand jury testimony.[1]  In a decision dated December 6, 2011, the SJC affirmed the conviction.

On February 8, 2012, petitioner, proceeding *pro se*, filed the habeas corpus petition now under consideration. As the basis for relief, the petition asserts the following two grounds:

1. The first complaint doctrine should be abolished and the admissibility of complaints should be governed by the ordinary rules of evidence.

2. Where the sole issue for the jury was the credibility of the complainant's claims of sexual abuse, the judgments must be reversed because the jury [was] presented with inadmissible evidence that improperly bolstered the complainant's credibility.

(Pet. at 15A, 17). As to the latter issue, petitioner contends that (a) the jury was "erroneously presented with evidence that the complainant made a second complaint, which was patently inadmissible under the doctrine of first complaint;"  (b) "[t]he prosecutor improperly elicited testimony from the complainant's mother corroborating the second complaint;" (c) "[t]he judge

---

[1] The first issue involves the Massachusetts "first complaint" doctrine. Under that doctrine, the testimony of "complaint witnesses" is limited

> to that of one witness who, where feasible, will be the first person told of the sexual assault. Such witness may testify to the details of the alleged victim's first complaint of sexual assault and the circumstances surrounding that first complaint as part of the prosecution's case-in-chief. Where a first complaint witness testifies at trial regarding the complaint, the complainant also may testify about the details of the first complaint and the reasons why it was made at that particular time. What the complainant may not do, however, is testify to the fact that she "told" others, apart from the first complaint witness, about the sexual assault, even where the details of the conversation have been omitted.

*Aviles*, 461 Mass. at 67-68 (citations and quotation marks omitted)

erred in admitting, over objection, evidence that the complainant made a prior inconsistent statement;" and (d) "[t]he erroneously admitted evidence was highly prejudicial because it improperly bolstered the complainant's credibility in a case that turned on her credibility." (Pet. at 15A).[2]

## II.    Analysis

By statute, federal habeas relief may not be granted for a prisoner in custody pursuant to a state judgment on the basis of claims that were adjudicated on the merits in state court, unless the resulting decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *See* 28 U.S.C. § 2254(d).

Both of petitioner's claims involve the issue of "first complaint" evidence.  The first-complaint doctrine, initially set forth in Massachusetts in *Commonwealth v. King*, 445 Mass. 217 (2005), was characterized by the SJC as "a body of governing principles to guide a trial judge on the admissibility of first complaint evidence." *Aviles*, 461 Mass. at 73.  Petitioner contends that this doctrine should be abolished.  He further contends that during the trial evidence was incorrectly admitted in violation of the first-complaint doctrine, which unduly prejudiced his defense.

Although he disagrees with the conclusions of the SJC, petitioner does not challenge the fact that the court reached the merits of his claims, nor does he contest that the first-complaint rule is a state-law doctrine.  Thus, petitioner is only eligible for habeas relief under § 2254 if he

---

[2] Petitioner's memorandum in support of his petition also contends that his federal constitutional rights to a public trial and effective assistance of counsel were violated. (P. Br. at 7–22).  Following respondent's motion to dismiss, this Court found that those claims were unexhausted and entered an order on April 10, 2013 stating that it would dismiss the petition unless the unexhausted claims were voluntarily dismissed.  On May 15, petitioner filed a motion to dismiss the unexhausted claims, which was granted.  Although the Court permitted the parties to submit supplemental briefing following that dismissal, neither party chose to do so.

can show that the application of that state-law doctrine violated the Constitution — more specifically, if it involved an unreasonable application of clearly established federal law. However, petitioner does not contend that the first-complaint doctrine is unconstitutional, nor does he cite any federal law in support of the proposition that he should receive habeas relief. In fact, petitioner's memorandum of law does not provide any case citations in support of his position. Because this Court cannot reexamine state court determinations of state law questions, in the absence of a federal violation, petitioner has alleged no grounds on which this Court may grant relief. Accordingly, the petition will be denied.

### III.     Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

**So Ordered.**

Dated: July 10, 2013

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge